## M. E. JETT *v.* J. W. SOUTH, ET AL.

**Partnership—Statements of Partner—Evidence.**

> A member of a partnership is presumed, in the absence of evidence to the contrary, to have known what agreement was made between the firm and another, and any declaration or admission made by such member after the agreement was made is competent evidence against the firm.

**Implied Admissions.**

> Acquiescence in the statements of others, to have the effect of an implied admission of the truth of such statements, must be not only such as afford him an opportunity to act or to speak, but such as would naturally call for some action or reply from men similarly situated.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

#### January 31, 1878.

OPINION BY JUDGE COFER:

The real question at issue between the parties was whether the bricks were delivered under the agreement testified to by Lyon, or under that sworn to by Brawner and appellant.

South, being a member of the firm, must be presumed, in the absence of evidence to the contrary, to have known what agreement was made between the appellant and Lyon, and any declaration or admission made by him after the agreement was made would be competent evidence against the firm. The only direct evidence as to the agreement between the appellant and Lyon was their conflicting statements, which, assuming them to be equally credible, left the evidence on that point in equipoise.

It was therefore important that the appellant should strengthen his testimony on that point, and in order to do so he offered the evidence of Brawner and Ellis to prove what took place on the trial before the police court, and that evidence, if it had any tendency to sustain appellant's theory of the case, was important, and, if competent, the judgment must be reversed for error in rejecting it.

It was proposed to prove by Ellis that he served on a jury impanelled to try J. W. South, lessee and keeper of the penitentiary, for working convicts inside the prison walls; that in South's presence his defense was stated to be that the bricks then recently furnished at the Christian church from kilns burned by him were loaned to Brawner. By Brawner it was offered to be proved that he was a witness for South on that trial, and that he testified in South's presence that the bricks were loaned to him.

The offer was not to prove anything that South said, and the evidence could only have been admissible upon one of two grounds, viz: 1. That South, being present and hearing these statements, should have corrected them if they were untrue, and not having done so, he is to be taken to have acquiesced in them, and thereby impliedly admitted them to be true; or, 2. That the statement of his

defense was by him procured to be made, and is therefore equivalent to a statement made by him, and the testimony of Brawner was given at his instance, and he is therefore to be taken to have admitted it to be true.

Acquiescense in the statements of others, to have the effect of an implied admission of the truth of such statements, must exhibit some act of the mind, and amount to voluntary demeanor or conduct of the party. And whether it is acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known or the language fully understood by the party, before any inference can be drawn from his passiveness or silence. The circumstances, too, must be not only such as afford him an opportunity to act or to speak, but such also as would properly and naturally call for some action or reply from men similarly situated. 1 Greenleaf on Evidence, 196; 1 Taylor on Evidence, 738.

The statements offered to be proved were made in the presence of the police court, in the course of a judicial proceeding, and South had no right to reply to or contradict them, and no inference prejudicial to him or to the firm of which he was a member can be drawn from his silence, and those statements were clearly not admissible on the ground of implied admission by acquiescence.

It does not appear by whom the defense of South was stated. The bill of exceptions shows that it was not made by South. It may have been made by the police judge or by the prosecuting attorney. That statement was for that reason, if for no other, inadmissible as evidence in this case.

If it had appeared to have been made by South's counsel, the strong intimation in the authorities is that it would not have been admissible. 1 Taylor on Evidence, 709.

The statement of the grounds of South's defense being inadmissible, the proffered evidence as to what was testified to by Brawner must also be held incompetent. For if it be conceded that one who introduces a witness and procures him to swear to a fact will be estopped to deny the truth of the statement he has caused to be made, still, as we do not know what the issue was on that trial, we cannot say that South procured the statement of Brawner to be made. It will not do to say that party is bound by every statement made by a witness introduced by him. Such is not the rule, even in the case in which the witness testifies; but the party introducing him may prove the fact to be exactly the opposite of what a witness introduced by him has stated it to be; and the fact that he introduced the witness

has never been supposed to be any evidence of an admission that the fact was as the witness stated it.

It is true that it was not for the circuit court, and is not for this court, to say whether the statement made by Brawner in the police court was true or false. All either court has a right to consider is whether the fact that Brawner was South's witness and made the statement that the bricks were loaned to him by the appellee furnishes any evidence that South then admitted that such was the fact. Whether it did or not furnish such evidence was a question of law for the court, and not a question of fact for the jury. 1 Greenleaf 197.

We concur with the circuit court that the testimony of Brawner before the police court furnished no evidence of an admission by South that the bricks were loaned, and there was no error in rejecting it.

We perceive no valid objection to the instructions, and the judgment must be *affirmed.*

The chief justice dissenting.

*W. L. Jett and D. W. Lindsay, for appellant.*

*Duvall & Chinn, for appellees.*